IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LIVIA M. SCOTTO,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL CASE NO. 3:18-CV-2198-L-BK** |
| | § | |
| **JORDAN FOSTER, et al,** | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. For the reasons stated here, this case should be summarily **DISMISSED WITH PREJUDICE**.

**I.      BACKGROUND**

Plaintiff Livia M. Scotto ("Scotto"), a pro se litigant and resident of Varico, Florida, filed a *Complaint* against 28 defendants, including the United States, the State of Hawaii, federal and state agencies, the European Banking Authority, and various international and Hawaiian banks. The complaint consists only of a caption that lists Defendants and states the following:

> SEXUAL HARASSMENT, EMPLOYMENT DISCRIMINATION, BANK DEPOSIT LOAN FRAUD, DIVERSION OF COMMERCIAL CREDIT, BANK LOAN DISGORGEMENTS, FOREIGN CORRUPT PRACTICES ACT, FOREIGN CORRUPT PRACTICE ACT; TORT MALFEASANCE; BREECH OF CONTRACT, FIDUCIARY BREECH, FEDERAL TORT "AGENCY," CONTRACT INTERFERENCE, AGENCY FRAUD, INVASION OF PRIVACY IN SECLUSION, BANK DEPOSIT DISGORGEMENT, BANK LOAN DIVERSION, CRIMINAL GROSS NEGLIGENCE, FAILURE TO ACT, SEE US CODE STATUTES, DEMAND FOR SPECIFIED DAMAGES, $71.9 BILLION DOLLARS.

Doc. 1 at 1-2. Scotto also attaches over 70 pages of documents—some are copies of filings in other courts and others are unintelligible—which appear wholly unrelated to the laundry list of Defendants and claims listed in the instant complaint. Doc. 1 at 3-10; Doc. 1-1 at 1-69. Scotto offers no factual enhancement whatsoever and fails to plead a jurisdictional basis for her claims.

## II.   ANALYSIS

Scotto's complaint is the very definition of barebones, as she has alleged no facts or law in support of her claims. Even under the most deferential view, Scotto's complaint is legally frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious or (2) fails to state a claim upon which relief may be granted); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding a complaint is frivolous when it "lacks an arguable basis either in law or in fact"); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, the complaint should be dismissed with prejudice as frivolous and for failure to state a claim.

## III.   IMPOSITION OF SANCTION

Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). *See* FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court

dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).  ; *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993)

Scotto is no stranger to the federal courts.  A review of the Public Access to Courts Electronic Records (PACER) reflects that she is a serial litigator, having filed over 50 cases in federal district courts nationwide that were subsequently dismissed as frivolous, for failure to state a claim, or for lack of subject matter jurisdiction.  The United States District Courts for the District of Hawaii and the Middle District of Florida have already imposed pre-filing restrictions on her.  *In Re Liva M. Scotto*, No. 1:11-MC-302 (D. Hawaii Dec. 14, 2011) ("Order Declining to Accept for Filing Plaintiff's Submissions"); *In Re Livia M. Scotto*, No. 8:18-MC-62 ("Pre-Filing Review Order").  Based on Scotto's pattern of filings in this and other courts, she also should be barred from filing civil actions *in forma pauperis* in this district without first obtaining the authorization of the Court.

## IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  Plaintiff also should be barred from filing future actions *in forma pauperis* without first obtaining the permission of the Court.

**SO RECOMMENDED**, September 11, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE